CHARLESTON RICE MILLING CO. v. BENNETT & CO.

1. In action by A., involving his right of way through an alleged canal over a lot of B. covered with water, both parties deriving title through one J., who held under certain partition proceedings, the presiding judge committed no error in charging the jury that the absence of any trace of the canal on a plat made at the time of the partition was "only one circumstance to be considered and was not conclusive," it appearing that J., during his ownership, marked out the canal on an old plat, and that it was referred to as a boundary and open way in the title deeds under which B. held.

2. A.'s right to the use of such a canal cannot be defeated by showing that it is crossed by a proposed street dedicated to the public, but never filled up, used, nor prepared for use.

Before KERSHAW, J., Charleston, July, 1881.

This was an action by Wm. P. Russell and Nathan Frye, copartners, under the name and style of the Charleston Rice Milling Co. against Charles S. Bennett and others, copartners, doing business under the firm name of C. S. Bennett & Co. The summons bears date January 10th, 1881. The opinion makes a full statement of the case.

*Mr. A. G. Magrath*, for appellant.

*Messrs. L. DeB. McCrady, E. McCrady, Jr.*, contra.

November 27th, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action for damages caused by the alleged obstruction of a canal running into Cooper river, the use of which was claimed to belong to the plaintiffs in common with other persons, including the defendants. Without the plat, which we cannot make a part of this opinion, it is difficult to give a clear view of the *locus in quo*, which is necessary to a proper understanding of the case, but we will endeavor to make it intelligible. The plaintiffs and defendants own rice

mills in Charleston, situated near each other, and both within the low grounds lying between the low-water mark and the edge of the marsh of Cooper river. The mill of defendants was established first, and lies between that of the plaintiffs and the channel of the Cooper river.

The plaintiffs, having lately changed their building material factory into a rice mill, claim that there is an old canal running along the north side of their lot and through that of the defendants to the river, which they have a right to use, and which, if kept open, would enable parties in boats with rough rice to reach their mill, and that defendants, to their great damage, have obstructed that canal. The defendants, on the other hand, deny that there is any such canal through their lot which the plaintiffs are entitled to use, either by prescriptive right or by grant as an appurtenant to their lot. And these are the questions in the case.

The evidence does not disclose when or by whom, or for what precise purpose the alleged canal was cut; but there is little doubt that there was once such a canal through the marsh opening into the river. The part furtherest from the river, along the plaintiffs' lot, is admitted to be there now; but the defendants allege that the lower end, connecting with the river, no longer exists, or if it does, that the plaintiffs have no right to use it.

Many years ago, one William Johnson owned all these marsh lands down to Cooper river, including the lots of both plaintiffs and defendants, and it is admitted that both parties hold under him. After William Johnson died, proceedings were instituted to partition these lands. The commissioners in partition recommended that the lands should be divided into different parcels, and sold or assigned to the parties in interest, and along with their return exhibited a rude plat dividing the land into lots numbered from one to thirteen.

It seems that sometime before these proceedings, the city had ordered a street to be opened through these lands, to be called "Concord street." The site indicated for it, however, had never at this place been filled up and made an actual street, but remained in its original state as mud or water. See *Bennett* v.

Opinion of the Court.

PLAT IN THE PARTITION PROCEEDINGS.

N ← COOPER RIVER.

No. 13.

CONCORD STREET.

CANAL.

No. 12.

No. 11.

No. 10.

No. 9.

No. 8.

Dock.

No. 1. No. 2. No. 3. No. 4. No. 5. No. 6. No. 7.

EAST BAY STREET.

PURCELL PLAT.

N ← COOPER RIVER.

THE CHANNEL.

CONCORD STREET.

CANAL IN COMMON, NOW 20 FT. WIDE TO

Dock in common.

EAST BAY.

*Bell,* 10 *Rich Eq.* 466.   On the plat of the commissioners in partition before referred to, the site of Concord street fell between lots No. 12 and No. 13, and a dotted line marked "canal" traced its course as running along the northern border of all the new made lots from No. 1 to No. 12 inclusive, but there it struck the site of Concord street, which, as stated, was covered by water, and did not go beyond through lot No. 13, lying between Concord street and the river.

Under these partition proceedings, lots No. 12, on the west side, and No. 13, on the east side of the site of Concord street, were assigned to John Johnson, Jr., as one of the heirs of William Johnson.   About the year 1831, John Johnson, Jr., died, leaving a will whereby he devised all of his property to his executor, first to pay debts and then to his wife, Mary, during her life, with remainder over to his brother, Dr. Joseph Johnson.   Sometime after, when Dr. Joseph Johnson and Mary Johnson owned all the lands through which, as alleged, the canal runs, it appears that upon an old plat of the premises, made by one Joseph Purcell, in 1821, the said Joseph Johnson drew two lines indicating the canal, which, corresponding with that marked on the partition plat, as far as that went down to Concord street, extended beyond that point to the river, and wrote between the lines the following words:   "Canal in common, now twenty feet wide to the channel."

In 1834, after this declaration, Dr. Joseph Johnson and Mary Johnson conveyed lot No. 13 to Richard Fordham, with the following description:   "All that tide lot   *   *   *   bounded to the north on land laid out as a canal for the use of certain heirs of William Johnson, deceased,   *   *   *   and to the west on Concord street, together with the right to use and enjoy the said canal on the north," &c.   This is the lot to the east of Concord street, now owned by the defendants under this title to Fordham, to whom it was first conveyed.   In 1849, Joseph Johnson and Mary Johnson conveyed lot No. 12 to William Bell, with this description:   "All that water lot   *   *   *   butting and bounding to the north, on a canal twenty feet wide, laid out for use in common of sundry heirs and assigns of William Johnson,

R

father of the above-named Johnson; to the east on land of W. J. Bennett & Co." This is the lot now owned by the plaintiffs, under this title, to the west of Concord street.

The defendants claim that if the canal ever had an existence through their lot to the channel, as indicated by Joseph Johnson on the Purcell plat, it was discontinued, and the plaintiffs, as owners of lot No. 12, have no right now to the use of it for two reasons—first, that there was not, on the partition plat under which they held, any trace of the canal east of the site of Concord street, and, second, that the said Concord street, dedicated by the city, cuts the line of the supposed canal at nearly a right angle, and, although now merely a street in theory, would certainly, if ever filled up, cut off and render useless as a canal all that part of it lying between that point and the river.

The case came on for trial before Judge Kershaw. Much testimony was offered, especially upon the claim as to the use of the canal relied upon to give the plaintiffs a right by prescription. But upon this subject the judge charged that, as the alleged canal through the lot of the defendants was under an open sheet of water and not appearing on the surface, the evidence did not establish such a use of the water on the precise line of the unseen canal, as to give a prescriptive right to its use, and there being no exception to this charge, we need not pursue this branch of the subject farther.

Upon the other points involved, the judge charged as follows: "The plaintiffs having derived their title under this partition, are entitled to enjoy the attendant right to the use of the canal as established by the decree in partition. The question therefore is, what was that canal as established by the decree? * * * You will not understand me as indicating any opinion on this subject, but merely calling your attention to all the evidence and instructing you that the plat accompanying the partition is not conclusive, but may be considered by you, in connection with other circumstances, and the action of the parties under it may be determined by all the evidence before you, including the admission of the parties as contained in their deeds and all their conduct in relation to it, as indicating the understanding which followed the land into the hands of the persons who were after-

wards the owners of it.   My impression of that plat made by the commissioners is, that it is so ambiguous that it throws you upon the evidence in the case wherever the fact that the canal does not extend beyond Concord street, is a material point.   This Concord street seems to have been dedicated at some time to the use of the public, and you are to determine from that circumstance, whether that is or is not a reasonable fact which would tend you to the belief that the canal was to stop at that street because there was to be a street there.   But in regard to the effect of a street laid out and not dedicated, although the city may have opened and filled up that street at any time, that circumstance would not be conclusive of the right of the plaintiff to use the canal beyond the street, if, in point of fact, they had the right to do so attendant upon their title. ' The street when established might possibly abridge their use of the privilege, but until actually occupied as a street, the land is open to the use of the adjacent proprietors," &c.

The jury found for the plaintiffs damages in the sum of $315, and the defendants appeal to this court upon the following exceptions :

1. Because there was not any proof of a dedication of the alleged canal, nor proof of acceptance or user.

2. Because an act of dedication involves a designation of the object dedicated, the purposes of the dedication, and the persons to whom and for whom such dedication is made.   And in all of these respects the evidence was wanting, particularly in the two last named, concerning which there was no evidence.

3. Because there was not any evidence of user to give right by prescription, and the non-user in any way had continued so long as to bar a right claimed under deed.

4. Because the plaintiff must recover, if at all, on his own title, and that to be proved as set forth in their complaint. And the right set forth in their complaint and in their title, was contradicted by the proof produced at the trial.

5. Because a dedication, public in its nature, requires more than the proof of a mere intention ; it must be accompanied by certain positive acts.   And if private, because limited to a cer-

tain person or persons, the right claimed by such person or persons must be clearly established by such person or persons.

6. Because the legal effect of a deed or of deeds must be decided by the terms of such deed or deeds, and these terms cannot be varied by circumstances or matters outside of such deed or deeds.

7. Because a right to claim damages results only from a wrong done in the violation of some right, and there was not any proof of a right to be violated, consequently no wrong done for which damages could be given.

8. Because his Honor, the presiding judge, should have instructed the jury as is set forth in the preceding propositions.

As we understand it, the right claimed on the part of the plaintiffs to have the use of the canal, is not a public right belonging to all persons, but a private right as an incident of the ownership of their lot, which came to them as assigns of the Johnsons, with the right to use the canal over all other lands derived from the Johnsons; that they have to that effect a covenant running with the land. If the right exist, it is a private right resting in grant, and there is no question of dedication to the use of the public or acceptance involved.

The case seems to have turned entirely upon two questions, whether the canal, which the plaintiffs were entitled to, ever extended east of Concord street to Cooper river; and if so, whether the defendants have obstructed it. These were both questions of fact, and being an action at law, this court has no right to review the evidence or do more than correct any error of law, which may have been committed.

There were no requests to charge, and we do not see that any specific error of law is charged in the exceptions, unless it may be involved in the instructions of the judge that neither the absence of a trace of the canal on the partition plat, beyond the proposed site of Concord street, nor the mere dedication of that street without its being filled up, was conclusive against the rights of the plaintiffs. We do not think it was error in the judge to tell the jury that the absence of a trace of the canal on the partition plat, beyond Concord street, was only one circumstance to be considered with others, and was not conclusive

as to its non-existence beyond that point. The canal was not traced on the partition plat, but there was no negation as to its existence beyond. That was not a case for the application of the principle of *expressio unius est exclusio alterius.* As said by the judge, it may be that it was not thought necessary to mark the canal " further than where it entered upon open water." It was admitted that down to the site of Concord street there was a canal as marked on the plat, and from the nature of a canal it would seem probable that it had an outlet or vent to the river.

But be that as it may, after partition, both lots belonged to Dr. Joseph Johnson and Mary Johnson; and whilst they were the owners, it was acknowledged and marked on an old plat that the canal did go to the channel. The parties, in one sense, do hold under the partition proceedings, but through Dr. Joseph Johnson and Mary Johnson, and any explanation which they made of those proceedings bound them and went along with the lands into the hands of their alienees. *Elliott* v. *Rhett,* 5 *Rich.* 406.

It is true that the plaintiffs must recover upon the strength of their own case; but when the action is for obstructing a right of way, we see no reason why the plaintiffs' right to recover might not be shown by the admissions of the defendants. They had no higher right than was conveyed by Joseph Johnson and Mary Johnson to Fordham in 1834, and thence down to them. They purchased, subject to the easement as declared by the successive deeds in their chain of title. As late as 1871, in the deed from W. J. Bennett to C. G. Memminger, executor of Thomas Bennett, their lot is described as " all that tide lot, * * * butting and bounding north on a canal, laid out for the use of certain heirs of William Johnson; east, on the channel of Cooper river; south, on dock twenty feet wide, owned and used in common between Robert Eason and the devisees of John Johnson, deceased, and west on Concord street, together with a right to use and enjoy the said canal on the north, and dock on the south, in common with such other persons as are now or may hereafter become entitled to use and enjoy the same in common," &c. The defendants are estopped

from denying that the canal crossed Concord street and ran along the northern boundary of their lot held from the Johnsons.

As to the effect of the simple dedication of Concord street, without its being filled and actually made a street, we concur with the judge. Laying out a road or dedicating a street to the use of the public does not divest the title of the adjacent proprietors to the land on which it is projected; but their rights remain the same, subject to the easement created. Whether Concord street shall be filled up and prepared for use as a street, and if so, what effect that would have upon the canal called for by the title deeds of the parties, are matters between the plaintiffs and the authorities of the city, which are not before us, and as to which we make no ruling. All we mean to say is, that in the present condition of things, the defendants cannot defeat any right to the use of the canal which may otherwise exist, by showing that the proposed street, if actually made, would cross that canal.

The judgment of this court is that the judgment of the Circuit Court be affirmed.